# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Criminal Action Number** |
| | ) | **14-00027-03-CR-W-BP** |
| **Rodney Vaughn,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Pending before the Court is the MOTION TO SEVER [Doc. 82] filed on December 18, 2014, by defendant Rodney Vaughn ("Vaughn"). As set out herein, the Court denies the motion.

Vaughn and five other defendants were named in an indictment. Count One of the indictment charges all six defendants with conspiracy to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) 846. In addition, Counts Six and Seven of the indictment charge Vaughn and another defendant with aiding and abetting the distribution of crack cocaine in violation of 21 U.S.C. §§ 2, 841(a)(2).

Vaughn seeks a severance of his case from the other named defendants, arguing that he will be prejudiced because:

(1) Vaughn anticipates that the government will seek to offer as evidence statement from co-defendants that may contain information about Vaughn and he may not be able to cross-examine the co-defendants due to their Fifth Amendment rights, and

(2) Vaughn's alleged conduct is not related to much of the conduct charged against the other co-defendants and a jury may be unable to differentiate between the evidence against Vaughn as compared to the evidence against the co-defendants.

The United States Supreme Court expressed a preference in favor of joint trials of defendants who are indicted together, noting that "[j]oint trials play a vital role in the criminal justice system" and that joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro v. United States*, 506 U.S. 534 537 (1993). To overcome this preference, a court must engage in a two-step process. First, the court must determine if joinder is proper under FED. R. CRIM. P. 8(b), and then whether severance is proper under FED. R. CRIM. P. 14. *United States v. Payton,* 636 F.3d 1027, 1037 (8th Cir. 2011).

Under Rule 8(b), "mere similarity of offenses committed by two or more individuals is not a sufficient predicate for joinder; [instead]. . . . Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense." *United States v. Bledsoe*, 674 F.2d 647, 656 (8th Cir. 1982). The Eight Circuit has noted that "[t]he prerequisites for joinder are liberally construed in favor of joinder." *United States v. Riell*, 21 F.3d 281, 288 (8th Cr. 1994). Reviewing the allegations set forth in the indictment alleging that Vaughn conspired with other defendants,[1] the Court finds that the claims asserted against Vaughn are not misjoined.

Next, the Court must determine whether severance under Rule 14 should be granted. The rule provides:

> If the joinder of offenses or defendants in an indictment . . .
> appears to prejudice a defendant . . . the court may order separate
> trials of counts, sever the defendants' trials, or provide any other
> relief that justice requires.

---

[1] The law in the Eighth Circuit is that "[a]n indictment must reveal on its face a proper basis for joinder." *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998)

2

FED. R. CRIM. P. 14(a).  A court will permit severance only upon a showing of "real prejudice to an individual defendant."  *United States v. Payton,* 636 F.3d 1027 1037 (8th Cir. 2011).  To that end:

> Prejudice to the defendant must be both 'real' and 'clear'. . . . To satisfy the real prejudice standard, a defendant may show that his defense is irreconcilable with the defense of his codefendant or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants. . . . The defendant carries a heavy burden in making this showing.

*Id.* (*citations and internal quotation marks omitted*).

In essence, Vaughn argues in his role in the alleged conspiracy was only as an active participant in a minor aspect  of the conspiracy and much of the evidence involving alleged overt acts do not involve either of them.  However, the Eighth Circuit has found that mere minor participation in an alleged conspiracy is insufficient to justify severance.  *United States v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008); *United States v. Willis*, 940 F.3d 1136, 1139 (8th Cir. 1991).  Likewise, the Eighth Circuit has concluded that "[s]everance is not required merely because evidence that is admissible only against some defendants may be damaging to others." *Payton*, 636 F.3d at 1037.  Ultimately, "it will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators."  *United States v. Frazier*, 280 F.3d 835, 844 (8th Cir. 2002).  This is not that rare case.  Moreover, Vaughn assertion that statements of codefendants that could incriminate him might be introduced at trial and that he might not be able to exercise his right to cross examination with respect to the potential statements is too speculative to support further consideration of severance at this stage in the proceedings.

Vaughn has made no showing on the record before this Court of prejudice that would entitle him to a severance.  The Court is aware of its continuing duty to grant a severance if and

when prejudice becomes apparent, either before or during trial. Schaffer v. United States, 362 U.S. 511, 514-516 (1960); United States v. Engleman, 648 F.2d 478, 480 n.5 (8th Cir. 1981).

Accordingly, it is

**ORDERED** that DEFENDANT RODNEY VAUGHN'S MOTION TO SEVER, filed December 18, 2014 [Doc. 82] is **DENIED**.


       */s/ John T. Maughmer*
       **John T. Maughmer**
       **United States Magistrate Judge**